**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| BESSY S. SORTO | Civil Action No. |
| Plaintiff | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, | **JURY TRIAL DEMANDED** |
| Defendants | |

_____

## <u>COMPLAINT</u>

NOW comes the Plaintiff, Bessy S. Sorto (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

## <u>PRELIMINARY STATEMENT</u>

1.      This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1681 <u>et</u> <u>seq</u>. (Fair Credit Reporting Act).

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.      All violations by the Defendants were knowing, reckless, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

5.      Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, subsidiaries, shell corporations, D/B/As and insurers of those Defendants named in this Complaint.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

7.      Venue in this District is appropriate under 28 U.S.C. §1391(b).

## PARTIES

8.      Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.      Defendant, Experian Information Solutions, Inc (hereinafter Experian) is a For-Profit Incorporation that has a headquarters in the Eastern District of Texas as well as being registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681a(d), to third parties.

10.      Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d),

to third parties. Based on information and belief, Equifax is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

11.     Defendant, TransUnion, LLC, (hereinafter TransUnion) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, TransUnion is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

12.     All defendants conduct regular, continuous, systematic, and substantial business in the Eastern District of Texas.

## **FACTUAL ALLEGATIONS**

13.     Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

14.     Plaintiff's name is Bessy S. Sorto.

15.     Plaintiff purchased a car with her daughter as a cosigner. Plaintiff paid off the car in 2020. Plaintiff made their last payment to SETF (Southeast Toyota Finance) on 08/08/2020.

16.     Plaintiff and their daughter received their 'CLEAR & CLEAN TITLE' from NCDMV with no lien on said title from original lien holder SETF a few weeks after paying off the car.

17.     Since Plaintiff received the title for the 2017 Toyota Corolla, Plaintiff and her daughter never had any late payments on the car. Plaintiff did not receive any word or correspondence from SETF after paying off the car and receiving the title until May 2023.

18.     Plaintiff should not be receiving any balance or past due information related to the vehicle. Plaintiff paid off the vehicle, was never late on a payment, and received the CLEAR & CLEAN TITLE from NCDMV with no lien. A reasonable amount of time has passed since the vehicle was paid off and the title was received.

19.     In 2023, Plaintiff discovered that a Southeast Toyota Finance (SETF) account began appearing on her credit reports. The account was reporting negatively and causing damage to Plaintiff's credit.

20.     After Plaintiff discovered the inaccurate credit reporting, Plaintiff disputed the inaccurate account with Experian, Equifax, and TransUnion (collectively "the Credit Reporting Agencies"), via dispute letters mailed directly the Credit Reporting Agencies, each containing a detailed and thorough dispute letter in which Plaintiff identified the accounts and other information appearing on their credit report. In their dispute letter, Plaintiff explained that they were the victim of inaccurate credit reporting.

21.     Plaintiff's first Equifax, Experian, and TransUnion dispute was sent directly to their offices on July 28, 2023.

22.     Later, on September 13, 2023, Plaintiff viewed their credit reports and found that the Credit Reporting Agencies had continued reporting the disputed account on their credit reports.

23.     Experian, TransUnion, and Equifax reported inaccurate credit information on Plaintiff's credit file and credit report.

24.     The inaccurate account that continued to be reported by the Credit Reporting Agencies (collectively "the CRAs") is:

    a.   Southeast Toyota Finance (SETF) Acct. #001010000003787443

**CAUSES OF ACTION**

25.     Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

26.     This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA). All causes of action were the proximate, substantial factor in, and/or producing causes of damages which Plaintiff has suffered.

## COUNT I-VIOLATION OF THE FAIR CREDIT REPORTING ACT

27.     Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

28.     This suit is brought against all Defendants as Plaintiff's damages that are the basis of this lawsuit were caused by Defendants' violations of the FCRA. In all instances of violating the FCRA, Defendants' conduct was willful, intentional, reckless, and/or negligent. Under, 15 U.S.C. §1681n and §1681o, Plaintiff is entitled to recover statutory damages, actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

(a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
(2) such amount of punitive damages as the court may allow; and
(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the

5

failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### ***Experian's FCRA Violations***

29.    After Plaintiff discovered the inaccurate credit reporting and that the Southeast Toyota Finance account was placed on Plaintiff's Experian credit report, Plaintiff mailed a dispute letter directly to Experian via USPS certified mail.

30.    Plaintiff's dispute package to Experian included a detailed and thorough dispute letter dated July 28, 2023.

31.    On September 13, 2023, Plaintiff viewed her Experian credit report and found that Experian had continued to report the disputed Southeast Toyota Finance account.

32.    Experian violated its duty under 15 U.S.C. §1681i(a)(1)(A) by failing conduct a reasonable investigation into Plaintiff's notice of dispute. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

33.    Experian violated its duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

34.    Experian violated its duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

35. The fact that Experian continued its reporting of the inaccurate information on Plaintiff's credit profiles/credit reports is proof that Experian failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information on more than one occasion.

15 U.S.C. §1681i(a)(1)(A) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

15  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>
> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

36.     Experian violated 15 U.S.C. §1681e(b) when it failed to follow reasonable procedures to assure maximum accuracy of the information it reported on Plaintiff's credit report/file. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and negligently violated this section of the FCRA.

37.     If Experian had implemented reasonable procedures to assure maximum accuracy, it would have either deleted, suppressed and/or blocked the inaccurate information after being notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

> (a) Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

### _Damages_

38.     Experian's inaccurate reporting has caused past, current, and future actual damages to the Plaintiff and will continue to cause damages for an unknown period of time. The inaccurate account being reported has a negative effect on Plaintiff's credit reputation, credit worthiness, and credit scores, and Plaintiff's overall borrowing power is severely damaged. In short, Plaintiff's credit was destroyed. Plaintiff is entitled to an accurate credit file/report.

39.     As a result of Experian's violations of the FCRA, which are listed above, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter. Experian, as defined above, conducted itself in a manner that it acted willfully, intentionally, recklessly, and/or negligently in its actions related to Plaintiff and therefore Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter.

40.     The conduct of Experian was a direct and/or proximate cause, as well as a substantial factor in, and/or a producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this complaint. Plaintiff expects their damages caused by Experian to continue to accrue and be ongoing until they are made whole again if that ever occurs.

41.     Experian, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as, such other relief, permitted by law to compensate. Plaintiff has suffered the following types of damages due to the previously described conduct of Experian:

      a.     Physical manifestations of mental anguish, humiliation, embarrassment, and anxiety. Plaintiff's stress, anxiety, and mental anguish have caused Plaintiff frequent loss of sleep frequent headaches, weight loss, hair loss, and neck and back pain. Plaintiff's damages are significant, continuing, and ongoing.

      b.     Emotional damages in the form of mental anguish, humiliation, and embarrassment. The inaccurate reporting has caused Plaintiff to feel anxious in her everyday life. Plaintiff has also suffered from depression. Plaintiff has

experienced debilitating stress, anxiety, and depression as a result of Experian's inaccurate reporting and cries frequently due to the stress she has been under. Plaintiff's emotional distress has caused strain in Plaintiff's relationships with loved ones including her significant other. Plaintiff's damages are significant, continuing, and ongoing.

    c.   Damages to Plaintiff's credit worthiness, credit reputation, and borrowing power. Plaintiff's wealth has been delayed as a result of Experian's conduct.

42.   Plaintiff's damages caused by and through the conduct of Experian are more specifically described as follows:

    a.   Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

    b.   Physical manifestations of stress and anxiety including loss of sleep, headaches, weight loss, and neck and back pain.

    c.   Financial damages including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power.

    d.   All other damages as described above.

43.   All of Plaintiff's damages have led to their great detriment and loss were caused by and are continuing due to the above-described conduct of Experian.

### *TransUnion's FCRA Violations*

42. After Plaintiff discovered the inaccurate credit reporting and that the Southeast Toyota Finance account was placed on Plaintiff's TransUnion credit report, Plaintiff mailed a dispute letter directly to TransUnion via USPS certified mail.

43. Plaintiff's dispute package to TransUnion included a detailed and thorough dispute letter dated July 28, 2023.

44. TransUnion violated its duty under 15 U.S.C. §1681i(a)(1)(A) by failing conduct a reasonable investigation into Plaintiff's notice of dispute. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

45. TransUnion violated its duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

46. TransUnion violated its duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

47. The fact that TransUnion continued its reporting of the inaccurate information on Plaintiff's credit profiles/credit reports is proof that TransUnion failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information on more than one occasion.

15 U.S.C. §1681i(a)(1)(A) reads:

(a) Reinvestigations in case disputed information

11

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

15  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)        promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)        promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

48. TransUnion violated 15 U.S.C. §1681e(b), when it failed to follow reasonable procedures to assure maximum accuracy of the information it reported on Plaintiff's credit

report/file. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and negligently violated this section of the FCRA.

49.   If TransUnion had implemented reasonable procedures to assure maximum accuracy, it would have either deleted, suppressed and/or blocked the inaccurate information after being notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

> 15 U.S.C. §1681e(b) reads as follows:
>
> (a)        Accuracy of the Report
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

### *Damages*

50.   TransUnion's inaccurate reporting has caused past, current, and future actual damages to the Plaintiff and will continue to cause damages for an unknown period of time. The inaccurate account being reported has a negative effect on Plaintiff's credit reputation, credit worthiness, and credit scores, and Plaintiff's overall borrowing power is severely damaged. In short, Plaintiff's credit was destroyed. Plaintiff is entitled to an accurate credit file/report.

51.   As a result of TransUnion's violations of the FCRA, which are listed above, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter. TransUnion, as defined above, conducted itself in a manner that it acted willfully, intentionally, recklessly, and/or negligently in its actions related to Plaintiff and therefore Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter.

52.   The conduct of TransUnion was a direct and/or proximate cause, as well as a substantial factor in, and/or a producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this complaint. Plaintiff expects their damages caused by TransUnion to continue to accrue and be ongoing until they are made whole again if that ever occurs.

53.   TransUnion, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as, such other relief, permitted by law to compensate. Plaintiff has suffered the following types of damages due to the previously described conduct of TransUnion:

      a. Physical manifestations of mental anguish, humiliation, embarrassment, and anxiety. Plaintiff's stress, anxiety, and mental anguish have caused Plaintiff frequent loss of sleep frequent headaches, weight loss, hair loss, and neck and back pain. Plaintiff's damages are significant, continuing, and ongoing.

      b. Emotional damages in the form of mental anguish, humiliation, and embarrassment. The inaccurate reporting has caused Plaintiff to feel anxious in her everyday life. Plaintiff has also suffered from depression. Plaintiff has experienced debilitating stress, anxiety, and depression as a result of TransUnion's inaccurate reporting and cries frequently due to the stress she has been under. Plaintiff's emotional distress has caused strain in Plaintiff's relationships with loved ones including her significant other. Plaintiff's damages are significant, continuing, and ongoing.

> c. Damages to Plaintiff's credit worthiness, credit reputation, and borrowing power. Plaintiff's wealth has been delayed as a result of TransUnion's conduct.

54. Plaintiff's damages caused by and through the conduct of TransUnion are more specifically described as follows:

> a. Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.
>
> b. Physical manifestations of stress and anxiety including loss of sleep, headaches, weight loss, and neck and back pain.
>
> c. Financial damages including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power.

55. All other damages as described above.

56. All of Plaintiff's damages have led to their great detriment and loss were caused by and are continuing due to the above-described conduct of TransUnion.

### *Equifax's FCRA Violations*

57. After Plaintiff discovered the inaccurate credit reporting and that the Southeast Toyota Finance account was placed on Plaintiff's Equifax credit report, Plaintiff mailed a dispute letter directly to Equifax via USPS certified mail.

58. Plaintiff's dispute package to Equifax included a detailed and thorough dispute letter dated July 28, 2023.

59. Equifax violated its duty under 15 U.S.C. §1681i(a)(1)(A) by failing conduct a reasonable investigation into Plaintiff's notice of dispute. Based on the facts, information and

allegations within the complaint, Equifax willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

60.  Equifax violated its duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter. Based on the facts, information and allegations within the complaint, Equifax willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

61.  Equifax violated its duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed. Based on the facts, information and allegations within the complaint, Equifax willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

62.  The fact that Equifax continued its reporting of the inaccurate information on Plaintiff's credit profiles/credit reports is proof that Equifax failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information on more than one occasion.

15 U.S.C. §1681i(a)(1)(A) reads:

 (a)  Reinvestigations in case disputed information

 (1) Reinvestigation required

 (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

15  U.S.C. §1681i(a)(5) reads:

 (5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)          promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)          promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

63.   Equifax violated 15 U.S.C. §1681e(b) when it failed to follow reasonable procedures to assure maximum accuracy of the information, it reported on Plaintiff's credit report/file. Based on the facts, information and allegations within the complaint, Equifax willfully, intentionally, recklessly, and negligently violated this section of the FCRA.

64.   If Equifax had implemented reasonable procedures to assure maximum accuracy, itwould have either deleted, suppressed and/or blocked the inaccurate information after being

notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

(a)        Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

### ***Damages***

65.   Equifax's inaccurate reporting has caused past, current, and future actual damages to the Plaintiff and will continue to cause damages for an unknown period of time. The inaccurate account being reported has a negative effect on Plaintiff's credit reputation, credit worthiness, and credit scores, and Plaintiff's overall borrowing power is severely damaged. In short, Plaintiff's credit was destroyed. Plaintiff is entitled to an accurate credit file/report.

66.   As a result of Equifax's violations of the FCRA, which are listed above, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter. Equifax, as defined above, conducted itself in a manner that it acted willfully, intentionally, recklessly, and/or negligently in its actions related to Plaintiff and therefore Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter.

67.   The conduct of Equifax was a direct and/or proximate cause, as well as a substantial factor in, and/or a producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this complaint. Plaintiff expects

their damages caused by Equifax to continue to accrue and be ongoing until they are made whole again if that ever occurs.

68.   Equifax, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as, such other relief, permitted by law to compensate. Plaintiff has suffered the following types of damages due to the previously described conduct of Equifax:

> a. Physical manifestations of mental anguish, humiliation, embarrassment, and anxiety. Plaintiff's stress, anxiety, and mental anguish have caused Plaintiff frequent loss of sleep frequent headaches, weight loss, hair loss, and neck and back pain. Plaintiff's damages are significant, continuing, and ongoing.
>
> b. Emotional damages in the form of mental anguish, humiliation, and embarrassment. The inaccurate reporting has caused Plaintiff to feel anxious in her everyday life. Plaintiff has also suffered from depression. Plaintiff has experienced debilitating stress, anxiety, and depression as a result of Equifax's inaccurate reporting and cries frequently due to the stress she has been under. Plaintiff's emotional distress has caused strain in Plaintiff's relationships with loved ones including her significant other. Plaintiff's damages are significant, continuing, and ongoing.

    c. Damages to Plaintiff's credit worthiness, credit reputation, and borrowing power. Plaintiff's wealth has been delayed as a result of Equifax's conduct.

69.   Plaintiff's damages caused by and through the conduct of Equifax are more specifically described as follows:

    a. Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

    b. Physical manifestations of stress and anxiety including loss of sleep, headaches, weight loss, and neck and back pain.

    c. Financial damages including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power.

70.   All other damages as described above.

71.   All of Plaintiff's damages have led to their great detriment and loss were caused by and are continuing due to the above-described conduct of Equifax.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Dated:  December 15, 2023

Respectfully Submitted,

/s/Kyle Kaufman
Kyle Kaufman
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 39232
McCarty & Raburn, A Consumer Law Firm, PLLC
8570 Anselmo Lane
Baton Rouge, Louisiana 70810
kkaufman@mccartyraburn.com
Telephone: 225-412-2777

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
8570 Anselmo Lane
Baton Rouge, Louisiana 70810
jraburn@mccartyraburn.com
Telephone: 225-412-2777

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar Roll No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
Telephone: (214) 296-9240
Fax (817) 887- 5069
dennis@crediterrorlaw.com